UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

MATTHEW S. MAGEE,          )
    Plaintiff,                    )
                           )
  vs.                      )          4:11-cv-48-RLY-TAB
                           )
MICHAEL ASTRUE, Commissioner of the )
Social Security Administration,     )
    Defendant.                   )

**ENTRY ON JUDICIAL REVIEW**

This matter is before the court for judicial review of a decision of the Commissioner of Social Security denying Matthew Magee's application for disability insurance benefits under Title II of the Social Security Act and supplemental security income under Title XVI. Magee, a 39 year old with a high school equivalency certificate, first applied for disability insurance and supplemental income benefits in November 2003 at age 30. In his first application, Magee claimed to have been disabled since 2001. Following a hearing in November 2004, Magee's application was denied by an Administrative Law Judge ("ALJ") in a decision dated December 17, 2004. Magee promptly filed the application at issue in this case on March 1, 2005, asserting disability since December 17, 2004.

After his application was denied both initially and on reconsideration, Magee requested a hearing before an ALJ, which hearing was held on March 3, 2008. The ALJ

handed down an unfavorable decision on June 13, 2008, but, following a review requested by Magee, the Appeals Council vacated the ALJ's initial determination and remanded the case for a new hearing and reconsideration. That second hearing was held on June 10, 2009 and the ALJ again decided that Magee was not disabled, issuing her written determination on October 30, 2009. The Appeals Council denied Magee's request for review on February 22, 2011, prompting this request for judicial review.

I.     APPLICABLE LAW AND STANDARD OF REVIEW

In order to qualify for disability benefits under the Act, Plaintiff must establish that he suffers from a "disability," as defined by the Act. The Social Security Regulations provide a five-step sequential inquiry to determine whether a plaintiff is disabled:

1.  is the plaintiff currently unemployed;

2.  does the plaintiff have a severe impairment;

3.  does the plaintiff have an impairment that meets or equals one of the impairments listed as disabling in the Commissioner's regulations;

4.  is the plaintiff unable to perform his past relevant work; and

5.  is the plaintiff unable to perform any other work in the national economy?

C.F.R. §§ 404.1520; *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 351–52 (7th Cir. 2005). An affirmative answer leads either to the next step or, on steps 3 and 5, to a finding that the claimant is disabled. 20 C.F.R. § 416.920; *Briscoe*, 425 F.3d at 352; *Stein v. Sullivan*, 892 F.2d 43, 44 (7th Cir. 1990). A negative answer at any point, other than

2

step 3, stops the inquiry and leads to a finding that the claimant is not disabled. 20 C.F.R. § 404.1520; *Stein*, 892 F.2d at 44. The claimant bears the burden of proof through step four; the burden shifts to the Commissioner at step five. *Briscoe*, 425 F.3d at 352.

An ALJ's findings are conclusive if they are supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *see also Perkins v. Chater*, 107 F.3d 1290, 1296 (7th Cir. 1997). This standard of review recognizes that it is the Commissioner's duty to weigh the evidence, resolve material conflicts, make independent findings of fact, and decide questions of credibility. *Richardson,* 402 U.S. at 399–400. Accordingly, this court may not re-evaluate the facts, weigh the evidence anew, or substitute its judgment for that of the Commissioner. *See Butera v. Apfel,* 173 F.3d 1049, 1055 (7th Cir. 1999). Thus, even if reasonable minds could disagree about whether or not an individual was "disabled," the court must still affirm the ALJ's denial of benefits. *Schmidt v. Apfel*, 201 F.3d 970, 972 (7th Cir. 2000).

II.     **ALJ's Findings and Plaintiff's Assignment of Error**

In the ALJ's written decision of June 13, 2008 (following the first hearing on Magee's second disability application), she made the following findings of fact and conclusions of law:

3

1. The claimant met the insured status requirements of the Social Security Act through June 30, 2007.
2. The claimant has not engaged in substantial gainful activity since December 18, 2004, the earliest possible onset date.
3. The claimant has the following severe impairments: obesity, irritable bowel syndrome, and seizure disorder.
4. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1.
5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity [RFC] to perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except that he should not be exposed to hazards.
6. The claimant is capable of performing past relevant work as a customer service representative. This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity.
7. The claimant has not been under a disability, as defined in the Social Security Act, from February 15, 2001 through the date of this decision.

The Appeals Council vacated the ALJ's June 13, 2008 decision. In doing so it stated:

> The Appeals Council grants the request for review under the substantial evidence and new material evidence provisions of the Social Security Administration regulations(20 CFR 404.970 and 416.1470). Under the authority of 20 CFR 404.977 and 416.1477, the Appeals Council vacates the hearing decision and remands this case to an Administrative Law Judge for resolution of the following issue:
>
> > The hearing decision finds that the claimant's mental impairments of depression and anxiety, singly and in combination, do not cause more than minimal limitations in the claimant's ability to perform basic mental work activities and are therefore non-severe. This conclusion does not appear to be supported by the overall evidence of record.
> >
> > Jane A. Will, OBS, Psy.D., HSSP on February 14, 2008 dictates that

> the claimant has an extensive mental health history as well as a number of physical health problems. The claimant continues to suffer from depression, generalized anxiety and social anxiety. Physical health problems include irritable bowel syndrome, morbid obesity, sleep apnea chronic headaches and seizures. Mental confusion and poor memory related to the seizure disorder are reported. The claimant has difficulty focusing and following through consistently due to his disabilities. Due to anxiety and self consciousness about his mental and physical conditions, the claimant seldom goes out in public. As stressors increase or when too many demands are placed on the claimant, he is likely to become overwhelmed. Dr. Will assessed a Global Assessment of Functioning (GAF) of 30 indicative of behavior that is considerably influenced by delusions or hallucinations or serious impairment in communication or judgment or inability to function in almost all areas. The hearing decision (page 7, paragraph 5) reflects that Dr. Will's examination notes are extremely sparse in nature. Although assigned a GAF of 30, Dr. Will provides no basis for this extreme level.
>
> In response to a request for medical records, Dr. Will did submit a typed correspondence on August 30, 2006 (Exhibit F278-286) which supports ongoing treatment through August 7, 2006. On February 14, 2008, Dr. Will reflects that the claimant continues to attend psychotherapy sessions generally on a biweekly basis. This regular ongoing therapy is needed to help the Claimant with mood stabilization and to help alleviate his need for hospitalization.
>
> Although the Appeals Council believes that this impairment may be severe, the functional limitations resulting from the impairment are not easily identified given the state of the medical record necessitating testimony from a medical expert.

In its remand order, the Appeals Council added instructions to the ALJ with regard to obtaining additional evidence through another hearing and documenting the further required evaluations. The remand order did not reference the ALJ's conclusion at step two, finding that Magee's obesity, irritable bowel syndrome and seizure disorder were

5

severe impairments.

The ALJ conducted the hearing following remand on June 10, 2009, receiving testimony from Mr. Magee, psychologist Elizabeth Kalb and vocational expert Lisa Courtney. In her decision of October 30, 2009, the ALJ included the following findings and legal conclusions:

1. The claimant meets the insured status requirements of the Social Security Act through June 30, 2007.

2. The claimant has not engaged in substantial gainful activity since February 15, 2001, the alleged onset date.

3. The claimant has the following severe impairments: mild depressive disorder (MDD); generalized anxiety disorder (GAD); and dependent and paranoid personality disorder.

4. The Plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1.

5. After careful consideration of the entire record, I find that the claimant has the residual functional capacity [RFC] to perform light work as defined in 20 CFR 404. 1567(b) and 416.967(b) except that the claimant can perform unskilled work with occasional interaction with supervisors, co-workers, and the public and with only rare exposure to hazards.

6. The Plaintiff is unable to perform any past relevant work.

7. The Plaintiff was born on January 26, 1973 and was 28 years old, which is defined as a younger individual age 18-49, on the alleged disability onset date.

8. The claimant has at least a high school education and is able to communicate in English.

9. Transferability of job skills is not material to the determination of disability because using Medical-Vocational Rules as a framework supports a finding that the Plaintiff is "not disabled," whether or not

> the claimant has transferable job skills.

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform.

11. The claimant has not been under a disability, as defined in the Social Security Act, from February 15, 2001 through the date of this decision.

Within her step two analysis, the ALJ wrote:

The claimant's medically determinable impairment of obstructive sleep apnea (OSA), seizure disorder, and obesity does not cause more than minimal limitation in the claimant's ability to perform basic work activities and is therefore non-severe.

Disagreeing with findings 3, 6, 10 and 11, Mr. Magee contends that the ALJ's decision is not supported by substantial evidence. He complains that, with no explanation, the ALJ changed her assessment of the severity of his obesity, irritable bowel syndrome and sleep apnea, now finding that these impairments are not severe because they do not "cause more than minimal limitation in the claimant's ability to perform basic work activities." He also complains that the ALJ had an insufficient evidentiary basis to alter her assessment of the level of work he is capable of performing. In her latest decision, she changed Magee's RFC from one which limited him to sedentary work to one in which she now opines that he is capable of light work and that jobs he could qualify to perform exist in significant numbers.

**III. Discussion**

Without question, the ALJ reached conclusions in her latest decision which differed from conclusions she reached in her previous determination. In his response brief, the Commissioner points out that the Appeals Council vacated the ALJ's first decision and remanded the matter for reconsideration. Upon remand, an ALJ must take any specific action ordered by the Appeals Council "and may take any additional action that is not inconsistent with the Appeals Council's remand order." 20 C.F.R. § 404.977(b). Magee has not challenged the ALJ's response to the specific direction of the Appeals Council, and the Commissioner argues that nothing in the regulations requires the ALJ to reach the same conclusions that she reached in her first decision, as long as her second decision does not run contrary to the Appeals Council's order. Further, the Commissioner contends, so long as some impairment is found to be severe at step two, the RFC analysis which follows must incorporate an assessment of all impairments, severe or not. Therefore, no reversible error occurred.

The Commissioner may be correct that on remand there is nothing in the regulations which requires an ALJ to reach the same conclusion she reached at step two with respect to each particular impairment at issue. And, there may be sufficient evidence for an ALJ to reach the conclusion that Magee is not disabled. However, it is still true that with any denial of benefits an ALJ "must build an 'accurate and logical bridge from the evidence to his conclusion.'" *Lopez ex rel. Lopez v. Barnhart,* 336 F.3d 535, 539 (7th

8

Cir. 2003)(quoting *Clifford v. Apfel,* 227 F.3d 863, 872 (7th Cir. 2000). The court concludes that this was not done by the ALJ in her October 30, 2009 decision.

In her decision following remand, the ALJ incorporated her recitation of medical evidence from her June 13, 2008 decision, stating that it was complete and accurate through the date of that decision. It was based upon that recitation of medical evidence that the ALJ found Magee's obesity, irritable bowel syndrome and seizure disorder all to be severe impairments at stage two of her analysis in her first decision. Yet, based almost entirely on that same medical record, she reached a different conclusion in her decision following remand.

In the new decision she supports her conclusion that the seizure disorder is a minimal limitation by pointing to Magee's representation to his primary care physician in July 2008 that his last seizure was in February of 2008, and noting that Dr. Pfister had increased Magee's seizure medicine in May 2009 but had not documented any recent seizures. Indeed, at the hearing, Magee's representative admitted that there was no objective documentation of seizure activity. Accordingly, the court finds that the ALJ has adequately explained her turnabout on the issue of Magee's seizure disorder at the stage two analysis.[1]

---

[1] The ALJ did not find Magee's sleep apnea to be a severe impairment in her first decision, so her conclusion in her latest decision offers no contradiction in assessment.

With regard to Magee's obesity, the ALJ states that Dr. Pfister most recently reported that Magee weighed 398.5 pounds. She then goes on to state that she evaluated Magee's obesity pursuant to Social Security Ruling 02-1p. Unfortunately, that is all ALJ Pritchett says with regard to Magee's obesity. She does not tell us how she went about the SSR 02-1p evaluation of Magee's obesity or the results of that evaluation, nor did she explain how she ended up concluding that Magee's obesity is no longer a severe impairment despite the lack of any new medical evidence. If the ALJ considered Magee's obesity in combination with the mental health impairments she now finds severe, she does not explain or describe that effort.

The ALJ also fails to explain why she no longer found Magee's irritable bowel syndrome to be a severe impairment or why it would have no impact on his ability to perform light work. This is especially concerning when the testimony of the vocational expert at the latest hearing is considered. Ms. Coutney testified that it would likely be difficult for Magee to find employment if he had to work very close to a bathroom to accommodate his irritable bowel syndrome. Again, the ALJ has failed to explain her rationale for reviewing the same medical record on remand and reaching antithetical conclusions.

The Commissioner argues that it doesn't matter which impairments the ALJ finds severe, as long as she found at least one impairment to be severe. In support, the Commissioner cites cases holding that an ALJ's determination of whether a claimant has

a severe impairment is a threshold requirement which, if answered in the affirmative, dictates the consideration of the aggregate effect of the entire panoply of ailments. *See Castille v. Astrue,* 617 F.3d 923, 927 (7th Cir. 2010); Hickman v. Apfel, 187 F.3d 683, 688 (7th Cir. 1999). However, in those cases, the court was not faced with a situation where the ALJ looked at the same record twice and reached alternative conclusions. While there may have been some additional records reviewed following remand that impacted her determination at step two with respect to Magee's seizure disorder and mental health issues, she mentioned nothing with respect to his irritable bowel syndrome and nearly nothing with regard to his obesity. Nevertheless, she not only altered her step two determination with respect to the severity of certain impairments, but she also increased the level of work which she presumes Magee can perform. In short, if the court needs to see a logical bridge between the ALJ's analysis of the evidence and her decision, it needs to know why Magee's irritable bowel syndrome and obesity, which the ALJ first found were severe enough to limit Magee to performing sedentary work, no longer prevent him from performing light work.

To be clear, the court is not saying that the record could not possibly support the conclusions reached by the ALJ. However, when an ALJ reviews a nearly identical medical record twice, and reaches two distinct conclusions at two different steps in her analysis, there needs to be an explanation as to why she has altered her original conclusions. Without that, the inconsistency draws into question the entire chain of logic

leading to her ultimate conclusion. Accordingly, the case must be remanded to allow the ALJ to reach and express a conclusion that is grounded in an evidentiary analysis that provides a logical thought flow.

**IV.    Conclusion**

Because the ALJ did not build a logical bridge between her analysis of the evidence and her ultimate conclusion with respect to Plaintiff's lack of permanent disability, her determination is not supported by substantial evidence and remand is required. *Melkonyan v. Sullivan*, 501 U.S. 89, 98 (1991)(a court may remand the case after passing on its merits and issuing a judgment affirming, modifying, or reversing the Commissioner's decision, **a "sentence four" remand**). Judgment consistent with this entry shall now issue.

**SO ORDERED** this 6th day of April 2012.

_____
RICHARD L. YOUNG, CHIEF JUDGE
United States District Court
Southern District of Indiana

Electronic Copies to:

Robert Anthony Florio
raflorioatty@hotmail.com

Thomas E. Kieper
UNITED STATES ATTORNEY'S OFFICE
tom.kieper@usdoj.gov